**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RICHARD D. SAUNDERS,<br><br>    Plaintiff,<br><br>    v.<br><br>CARRIE M. WARD, et al.,<br><br>    Defendants. | Civil Action No.:  SAG-22-955 |

**MEMORANDUM ORDER**

The above-captioned case filed by Plaintiff Richard D. Saunders was dismissed on April 29, 2022, for failure to state a claim under 42 U.S.C. § 1983.  ECF No. 4.  The matter was subsequently transferred to the undersigned on August 2, 2022, upon receipt of a motion for recusal from Plaintiff.  ECF No. 9.  This Court subsequently denied Plaintiff's Motions to Reopen the Case in November, 2022.  ECF No. 15. Now pending is another Motion to Reopen Case, ECF 16. Plaintiff has also submitted an Amended Complaint for filing.  For the reasons discussed below, Plaintiff's Motion to Reopen will be denied and his Amended Complaint will not be docketed and will be returned.

Plaintiff seeks reopening more than 28 days after the entry of the adverse judgment and therefore his Motion will be considered under Federal Rule 60(b).  *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)); *see also Vaughan v. Murray,* No. 95-6081, 1995 WL 649864, at *3 n. 3 (4th Cir. Nov.6, 1995).  Under Rule 60(b), a motion seeking relief from a final judgment may be granted for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is

void; (5) the judgment has been satisfied, released, or discharged, is no longer equitable, or is based on an earlier judgment that has been reversed; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b). As to Rule 60(b)(4) specifically, "a judgment is not void merely because it is erroneous;" rather "[i]t is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Schwartz v. United States,* 976 F.2d 213, 217 (4th Cir.1992).  "[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion 'is not authorized by Rule 60(b).'" *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (quoting *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)).

Upon review of Plaintiff's Motion to Reopen, the Court finds that none of the bases for granting a Rule 60(b) motion have been satisfied.  The Court therefore will not vacate the Order issued April 29, 2022.  As this case remains closed, Plaintiff's proposed Amended Complaint will be returned.

Accordingly, it is this 10th day of January, 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's Motion to Reopen (ECF No. 16) IS DENIED;
2. The Clerk shall return Plaintiff's proposed Amended Complaint by mail without docketing it as the case is closed.

_____/s/_____
Stephanie A. Gallagher
United States District Judge